CHIASSON, Judge.
Debra Wagster, appellant, a juvenile, has brought this appeal from a decision of the East Baton Rouge Family Court declaring her delinquent and placing her under supervised probation. The record presented to this Court on appeal is incomplete due to the sporadic failure of the device used to record the appellant’s juvenile hearing in accordance with La.R.S. 13:1579. A juvenile court is required by law to record juvenile proceedings and to make the testimony available for transcription. In re State in Interest of Collins, La.App., 288 So.2d 918 (1st Cir. 1973); State in Interest of Aaron, La.App., 266 So.2d 726 (3rd Cir. 1972).
Among the errors specified by the appellant is the Trial Court’s denial of the appellant’s Motion to Suppress. The evidence sought to be suppressed was obtained pursuant to a search warrant. At issue is whether probable cause existed for the issuance of the warrant. Because the record does not contain the application and affidavit upon which the search warrant was issued and because testimony as to the validity of the allegations on the affidavit was lost due to the failure of the recording equipment the record is so incomplete as to make impossible a determination as to whether evidence was admitted which was obtained as the result of an illegal search and seizure.
Therefore, for the above reasons, the supervised probation of the appellant is set aside and the case remanded for rehearing.
PROBATION SET ASIDE AND REMANDED.