526 So.2d 450 (1988)
STATE of Louisiana
v.
Jerry LEE.
No. 87-KA-882.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
Bruce G. Whittaker, Twenty-Fourth Judicial Dist. Indigent Defender Bd., Gretna, for appellant.
John M. Mamoulides, Dist. Atty., Twenty-Fourth Judicial Dist., Parish of Jefferson, Terry M. Boudreaux, Asst. Dist. Atty., Gretna, for appellee.
Before CHEHARDY, DUFRESNE and WICKER, JJ.
CHEHARDY, Chief Judge.
The defendant, Jerry Lee, was charged by bill of information with armed robbery in violation of LSA-R.S. 14:64. He pled not guilty and, after waiving his right to a jury trial, was found guilty as charged. The trial judge sentenced the defendant to serve five years at hard labor in the custody of the Louisiana Department of Corrections without benefit of probation, parole or suspension of sentence.
The defendant appeals contending the evidence is insufficient to support his conviction. Specifically, he contends he could not have been at the scene of the crime when the robbery occurred.
The standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. LSA-C.Cr.P. art. 821; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 *451 (1979); State v. Rosiere, 488 So.2d 965 (La.1986).
Under this rationale, the state must also negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Brady, 414 So.2d 364 (La. 1982); State v. Long, 408 So.2d 1221 (La. 1982).
Armed robbery is defined in LSA-R.S. 14:64 as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."
The record reveals that on November 20, 1986 at approximately 8:30 p.m. Daniel Bugg was walking through the M.A. Green Shopping Center in Jefferson Parish when he was stopped by a man who requested a cigarette. Bugg gave him a cigarette. The man then seemed to reach for a light. He, however, pulled out a gun, identified by Bugg as an automatic weapon, and told Bugg if he did not follow his direction he would be shot. The assailant then took Bugg to the rear of the shopping center where he tied his hands and feet and placed tape over his eyes and mouth. He laid Bugg on the ground and relieved him of a gold chain and approximately $10.
On February 26, 1987 at approximately 9 a.m. Bugg saw a man he recognized as his assailant standing with a group of people in front of a small motel in the same area in which the robbery occurred. He contacted the police and the defendant was apprehended. A 45-caliber hollow point bullet was found in his pocket.
At trial Bugg testified that he was certain that it was the defendant who robbed him. He described the lighting at the scene of the crime as sufficient to enable him to see all the details. He described his assailant as a black male approximately 5½ feet tall and weighing approximately 150 pounds. Further he testified that his assailant wore an extremely baggy green army jacket, dark pants and a ski cap pulled down to right above his eyes. He estimated he was with defendant 35 seconds before defendant pulled the gun.
Defendant's supervisor testified defendant did not leave his place of employment immediately upon punching out at 8:13 p.m. on November 20, 1986. She further testified he was wearing a burgundy shirt, brown or khaki pants and a hat. To her knowledge defendant did not go and come to work by automobile. She testified he sometimes rode a bicycle, but that on November 20, 1986 he did not use his bicycle.
The evidence reflects defendant was employed at 2001 Williams Boulevard, which is less than ten minutes from the scene of the robbery by automobile.
Any discrepancies in the testimony as to defendant's physical ability to commit the robbery, posed a credibility choice for the trier of fact. The trial judge chose to believe the testimony of the victim that defendant was the perpetrator of the armed robbery. It is not the function of the appellate court to evaluate the credibility of the witnesses and to overturn the trial court on its factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La. 1983). Such factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La. 1981); State v. Cobbs, 350 So.2d 168 (La. 1977).
Our review of the testimony leads us to conclude that the trial judge did not abuse his broad discretion. Clearly, the evidence supports a finding that defendant could have physically been at the scene of the crime by 8:30 on the night of November 20, 1986. Further, we find it significant that the perpetrator's face was not covered and the victim was able to view his assailant both before and after the gun was drawn.
Applying the guidelines enunciated in Jackson v. Virginia, supra, we find the state has met its burden of proof, that is, viewing the evidence in the light most favorable to the prosecution, a rational fact finder could have found beyond a reasonable doubt the elements of the offense of armed robbery including the identity of the defendant. Thus, we find defendant's assignment of error is without merit.
*452 For the foregoing reasons, we affirm the conviction and the sentence.
AFFIRMED.