658 So.2d 39 (1995)
STATE of Louisiana in the Interest of C.D.
No. 95-KA-160.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1995.
*40 John M. Crum, Jr., John L. Diasselliss, III, Dist. Attys.' Office, LaPlace, for plaintiff-appellee.
Brenda Braud Birner, William B. Birner, LaPlace, for defendant-appellant.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
This criminal appeal arises out of a juvenile defendant's appeal from his conviction for armed robbery on the basis of insufficient evidence. We affirm in part, vacate in part and remand.

ISSUE
We are called upon to determine two (2) specific questions. First, whether there is sufficient evidence to support an armed robbery conviction and, second, whether La. Ch.C. Art. 897.1 requires a disposition hearing where there has been conviction for armed robbery.

FACTS & PROCEDURAL HISTORY
Gregory[1], was on his way to visit his cousin, after returning from a movie, the night of December 17, 1993 when he encountered defendant, C.D., and two other youths, Larry and Kendell, on the steps leading to his cousin's apartment in the LaPlace Projects. Gregory alleges defendant pulled a gun, pointed it at his stomach and/or chest, and took his black leather hat he was wearing.
After the alleged incident, Gregory went to his cousin's apartment and explained what had just occurred. He then left out the back door and ran home to tell his mother what had happened. Gregory, his uncle and his step-father returned to the scene to confront defendant. Gregory asked defendant for his hat back but defendant refused. By then, Gregory's mother came to the scene and told Gregory to press charges.
Three days later, on December 20, 1993, defendant was arrested and charged with armed robbery in violation of La.R.S. 14:64.[2] On December 21, 1993 he entered a plea of not guilty and was ordered detained pending trial. Trial was held February 23, 1994. The matter was taken under advisement but a written judgment finding defendant to be a delinquent based on the commission of armed robbery was rendered the same day. In the same judgment which adjudged him delinquent, defendant was sentenced to the custody of the Department of Corrections at the Louisiana Training Institute (LTI), or a similar facility, until he reached 21 years of age.
Defendant appealed his conviction on March 28, 1994. However, in an Order dated October 24, 1994, this Court dismissed defendant's appeal for lack of jurisdiction on the basis it was untimely. We remanded the matter to allow defendant to seek an out-of-time appeal which he sought and was granted on November 2, 1994. Defendant filed his second appeal on February 3, 1995, once again seeking a reversal of his conviction for armed robbery on the basis there was insufficient evidence presented at trial.

ISSUE ONE

STANDARD OF REVIEW
In order for a child to be adjudged a delinquent, the State must prove beyond a reasonable doubt that the juvenile committed a delinquent act. La.Ch.C. art. 883. In reviewing the sufficiency of evidence in a juvenile proceeding, we are to apply the Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard which requires us to determine whether any rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt. State in Interest of B.J., 617 So.2d 238 (La.App. 5 Cir.1993).

LAW
The elements of armed robbery are (1) a taking, (2) of anything of value, (3) from the person or in the immediate control of another, (4) by the use of force or intimidation, (5) while armed with a dangerous *41 weapon. La.R.S. 14:64; State v. Cittadino, 628 So.2d 251 (La.App. 5 Cir.1993).
In proving the above elements, the production of a weapon or other physical evidence is not required as long as the State can establish all the elements beyond a reasonable doubt through the testimony of its witnesses. Furthermore, we have held the testimony of the victim, as the only eyewitness to the crime, is sufficient to establish the elements of an offense. State v. Cotton, 646 So.2d 1144 (La.App. 5 Cir.1994).

ANALYSIS
Defendant asserts the victim's testimony is uncorroborated and conflicting. Specifically, defendant focuses on Gregory's testimony where he stated at one point defendant pointed the gun at his stomach and then later stated the gun was pointed at his chest. When confronted with the minor discrepancy, Gregory indicated the area was all the same to him.
Defendant also asserts there was contradictory testimony as to who accompanied the victim back to the scene. Gregory testified his uncle and step-father returned to the scene with him. Gregory's mother stated she went to scene as well. While Gregory stated his uncle and step-father returned with him to the scene, Gregory never denied his mother was present. In fact, he stated his mother came to scene.
Finally, defendant claims Gregory admitted it was dark and he could not see that well. The response came in light of a question by defense as to what defendant was wearing. Gregory knew defendant was wearing a jacket but could not recall anything else. In addition, because of the darkness, Gregory could not identify the color of pants of one of the other boys who was present. Despite this, Gregory emphatically stated he recognized the defendant and his companion because of some gold teeth.
The only testimony offered at trial was that of the victim, the defendant and the mothers of the two.[3] The record clearly shows contradictory testimony between the victim and defendant. Gregory testified defendant pointed a gun at him and took his black leather hat off his head. Defendant testified he never saw Gregory that night. Defendant's mother stated defendant was in and out of the apartment on the night of December 17, 1993. It is apparent the trial court chose to believe the victim rather than the defendant. It is not our function to evaluate the credibility of the witnesses and to overturn the trial court on its factual determination of guilt. State v. Lee, 526 So.2d 450 (La.App. 5 Cir.1988).
Accordingly, we see no merit whatsoever in defendant's argument that Gregory's testimony was so incredible and conflicting so as to be insufficient to sustain a conviction for armed robbery. His testimony clearly established there was a taking of his hat from his person by force in that defendant pointed a gun at him. Needless to say, the physical production of the weapon into evidence is not required if the sole testimony of the victim is sufficient to establish the elements of the crime which was accomplished.

ISSUE TWO
The Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review on appeal. However, La.Ch.C. art. 104 states the Louisiana Code of Criminal Procedure governs in matters which are not provided for in the Children's Code. Thus, we are mandated by La.C.Cr.P. art. 920 to conduct an error patent review despite the fact defense counsel did not request it.
La.Ch.C. art. 892 requires the trial court to conduct a disposition hearing prior to entering a judgment of disposition.[4] Upon review, we do not see anywhere in the record where a disposition hearing was held nor do we find any indication such a hearing was waived by defendant. The purpose of *42 such a hearing is to hear evidence in order to make a determination of whether the child is in need of treatment or rehabilitation. Once the trial court finds the child is in need of treatment or rehabilitation, the court is to make the appropriate disposition as set forth by La.Ch.C. arts. 895-899. La.Ch.C. art. 894.
The disposition required for an adjudication of armed robbery under the Children's Code is in conflict through an apparent oversight of the legislature. La.Ch.C. art. 897.1(A) provides:
A. Notwithstanding any other provision of law to the contrary, after adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:30, first degree murder; R.S. 14:30.a second degree murder; R.S. 14:42, aggravated rape; R.S. 14:44, aggravated kidnapping; R.S. 14:64, armed robbery, or R.S. 14:113, treason; the court shall commit the child to the custody of the Department of Public Safety and Corrections to be placed within a secure detention facility until the child attains the age of twenty-one years without benefit of parole, probation, suspension of imposition or execution of sentence, modification, or furlough.
This section of Article 897.1 mandates a delinquent juvenile guilty of armed robbery to be sentenced to custody until his 21st birthday. In this case, a disposition hearing would be futile, and the failure to conduct one would constitute harmless error, because regardless of the evidence presented the trial court could not exercise any discretion in the disposition.
However, La.Ch.C. art. 897.1(B) provides:
B. Notwithstanding any other provisions of law to the contrary, after adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:64, armed robbery, the court shall commit the child to the custody of the Department of Public Safety and Corrections to be placed within a secure detention facility for the length of the term imposed by the court at the disposition hearing without benefit of parole, probation, suspension of imposition or execution of sentence, modifications, or furlough.
This section of Article 897.1, which allows the trial court discretion in the length of time a juvenile is to be held in custody for armed robbery, is in direct conflict with section A, which imposes a mandatory length of time for armed robbery. Until the legislature chooses to correct this glaring contradiction, we can only proceed the best we know how.
We find section A to be the general section concerning armed robbery and section B the more specific of the two; therefore, we necessarily find section B controls in this situation. Because the trial court's discretion in ordering the length of time a juvenile is to remain in custody for an armed robbery conviction is determined by the disposition hearing, we have no choice but to vacate the sentence and remand the matter for a disposition hearing.[5]
For the reasons assigned, the conviction of armed robbery by the trial court is hereby affirmed. However, the trial court's sentence is hereby vacated and the matter is remanded for disposition hearing and sentencing in accordance with the directives prescribed herein.
CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED FOR DISPOSITION HEARING.
NOTES
[1] Since this is a juvenile matter, the full names of the parties involved will not be used.
[2] Formal charges were not filed until December 22, 1993.
[3] The Court, on its own, called the mothers to the stand.
[4] La.Ch.C. art. 892 provides: "Prior to entering a judgment of disposition, the court shall conduct a disposition hearing. The disposition hearing may be conducted immediately after the adjudication and shall be conducted within thirty days after the adjudication. Such period may be extended for good cause."
[5] It may be the trial court did in fact exercise its discretion in ordering defendant to remain in custody until his 21st birthday, but without a disposition hearing, the trial court could not have appropriately exercised its discretion.