hGREMILLION, Judge.
On January 12, 1995, defendant, Brian Keith Demouchet was convicted of aggravated battery, a violation of La.R.S. 14:34. On March 13,1995, the defendant was sentenced to ten (10) years at hard labor to run consecutive to any other sentence he was serving.[1] Twenty-one days later, on April 3, 1995, the defendant filed his motion for appeal. Because the defendant’s appeal is untimely, we dismiss the appeal ex proprio motu.
La.Code Crim.P. art. 914 provides:
A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
12(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
When a defendant fails to make a motion for appeal within the time provided in Article 914, he loses his right to obtain an appeal by *466 simply fíling a motion for appeal in the trial court. Upon expiration of the five day period, the conviction and sentence are final unless a timely motion to reconsider sentence was filed. We find no such motion to reconsider was filed in the present ease. Thus, defendant’s only recourse is to seek reinstatement of his right to appeal in the trial court. State v. Counterman, 475 So.2d 336 (La.1985). Defendant’s appropriate procedural device after the five day period is an application for post-conviction relief. Id. at 339.
Accordingly, defendant’s untimely appeal is dismissed.
APPEAL DISMISSED.

. Defendant’s ten (10) year sentence has since been vacated and a new sentence of fifteen (15) years imposed, after the trial court found defendant to be a habitual offender.