677 So.2d 466 (1996)
STATE in the Interest of T.T., Appellee.
No. CR96-06.
Court of Appeal of Louisiana, Third Circuit.
May 8, 1996.
*467 Michael Harson, Lafayette, for State of Louisiana.
Lloyd Dangerfield, Lafayette, for T.T.
Before SAUNDERS, AMY and GREMILLION, JJ.
AMY, Judge.
This appeal arises from the conviction of a juvenile for simple burglary of an inhabited dwelling. The defendant was placed with the Department of Youth Services and Corrections until his twenty-first birthday. Defendant appeals, and for the following reasons we remand for further proceedings consistent with this opinion.

DISCUSSION OF THE RECORD
On March 14, 1995, the police received a report that three black males were seen entering an apartment and then fleeing from the rear of the apartment. The police took T.T., a juvenile 16 years of age at the time of the offense, into custody. The police found three rolls of pennies and a small plastic bag containing eleven dimes and one penny, on his person. These items matched the description of items reported stolen from the apartment.
On March 29, 1995, T.T. was charged with one count of simple burglary of an inhabited dwelling in violation of La.R.S. 14:62.2. He was arraigned that same day and he denied the charges against him. A hearing was held on August 23, 1995, in which T.T. was found guilty as charged. A disposition hearing was held on September 27, 1995, at which the court ordered the juvenile be adjudicated a delinquent and be placed with the Department of Youth Services and Corrections until his twenty-first birthday. T.T. filed a Motion to Reconsider or Modify Disposition on October 13, 1995. The motion was denied on October 13, 1995.
T.T. appeals asserting that the trial court erred in imposing an excessive sentence and in failing to adequately consider the requirement of Articles 901 and 903(A) of the Louisiana Children's Code.

ANALYSIS

ERRORS PATENT:
As noted in State in Interest of C.D., 95-160 (La.App. 5 Cir. 6/28/95), 658 So.2d 39, 41:
The Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review on appeal. However, La.Ch.C. art. 104 states the Louisiana Code of Criminal Procedure governs in matters which are not provided for in the Children's Code. Thus, we are mandated by La.C.Cr.P. art. 920 to conduct *468 an error patent review despite the fact defense counsel did not request it.
La.Code Crim.P. art. 920 provides the scope of review on appeal. It states as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
We have reviewed the record and have discovered the following errors patent: (1) the minutes of defendant's disposition do not reflect that he was given credit for time served prior to the imposition of disposition as required by La.Ch.Code art. 898(A); (2) the disposition hearing was not held within thirty days of the adjudication hearing as required by La.Ch.Code art. 892; and (3) the disposition hearing was not recorded as required by La.Ch.Code art. 410.
Credit for Time Served:
The minutes of defendant's disposition do not reflect that he was given credit for time served in detention prior to the imposition of disposition as required by La. Ch.Code art. 898(A). Since we have, for reasons to be discussed later, ordered a remand for the purpose of conducting a new disposition hearing, we instruct the trial court to credit the defendant for time served at that time.
Delay of Disposition Hearing:
Defendant's adjudication hearing was held on August 23, 1995. His disposition hearing was held on September 27, 1995, more than thirty days since the adjudication hearing. La.Ch.Code art. 892 provides:
Prior to entering a judgment of disposition, the court shall conduct a disposition hearing. The disposition hearing may be conducted immediately after the adjudication and shall be conducted within thirty days after the adjudication. Such period may be extended for good cause.
The record reflects that defendant was not "adjudicated a delinquent" at the adjudication hearing, as required by La.Ch.Code art. 884, but rather was found "guilty as charged." The court did not formally adjudicate the defendant as a delinquent until the disposition hearing. However, we conclude that finding the defendant "guilty as charged" at the hearing was the adjudication order as contemplated by La.Ch.Code art. 884. Therefore, defendant was adjudicated on August 23, 1995 and the disposition hearing was not held until September 27, 1995. Consequently, La.Ch.Code art. 892 was violated since more than thirty days had elapsed between adjudication and disposition, and since the record is void of any evidence of good cause for a delay.
Neither Article 892 nor jurisprudence provides a remedy for its violation. Since La. Ch.Code art. 104 requires the court to look to the Code of Criminal Procedure when the Children's Code is silent, we have sought guidance on this issue from La.Code Crim.P. art. 874. Although the requirements of La. Code Crim.P. art. 874 are different than La.Ch.Code art. 892, both deal with prompt sentencing of defendants. Article 874 provides:
Sentence shall be imposed without unreasonable delay. If a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the appellate court.
The supreme court stated that the sanction for an unreasonable delay is to divest the trial court of jurisdiction to sentence the defendant. State v. McQueen, 308 So.2d 752 (La.1975). The supreme court cited comment (c) of Article 874, which stated as follows:
(c) The federal courts, applying Rule 32(a) have held that unreasonable delay in sentencing divests the trial judge of his power to impose sentence. (Citation omitted). Some recent decisions, in states having a fixed period within which sentence must be imposed, have treated the time limits as directory, rather than mandatory or jurisdictional. (Citation omitted). Such holdings have the effect of reducing the prompt sentence requirement to a pious platitude. It is probable and logical that the requirement *469 of this article will be construed, in line with the federal and majority jurisprudence, as imposing a mandatory duty, with noncompliance resulting in the trial judge losing his sentencing power. As is pointed out in Comment (b), the supreme court is not likely to impose this sanction of release from custody except in cases of extreme and clearly unjustified delay.
In State v. Johnson, 363 So.2d 458 (La. 1978), the supreme court, without determining the unreasonableness of the delay between trial and sentencing, held that since the defendant sustained no prejudice by the delay, he was not entitled to have his conviction and sentence set aside. In the case sub judice, there was a delay beyond that which is allowed under the statute. However, the delay was only three days and we find no prejudice from the delay given that defendant is going to be given credit for time served from the time of adjudication to the time of disposition. Furthermore, defendant does not allege any prejudice resulting from the delay. Therefore, we conclude that the drastic remedy of divesting the trial court of its power to sentence is unwarranted under the facts of this case. Accordingly, we conclude that the delay of three days was harmless.
Recordation of the Disposition Hearing:
The minutes reflect that defendant's disposition hearing was held on September 27, 1995, at which he was committed to the Department of Youth Services and Corrections until his twenty-first (21st) birthday. However, the disposition hearing was not recorded as the record reflects that no court reporter was present.
La.Ch.Code art. 410 provides that "[j]uvenile proceedings, except in cases of traffic violations pursuant to Title IX, shall be recorded." We have found no jurisprudence on the interpretation of Article 410; however, there is jurisprudence on La.R.S. 13:1579, the prior statute dealing with the recording of juvenile proceedings. According to this court in State in the Interest of Aaron, 266 So.2d 726, 727-728 (La.App. 3 Cir.1972), La. R.S. 13:1579, prior to 1972, provided that in juvenile hearings:
... stenographic notes or other transcript of the hearings shall be required only if the court so orders and then, at the court's expense, provided, however, that any party to a proceeding may have such transcript made at his own expense.
The court in Aaron, 266 So.2d at 728, further noted that 13:1579 was amended in 1972 to provide:
... The hearings shall be reported or recorded by stenographic notes or a mechanical or electronic recording device.
Revised Statute 13:1579 was repealed by Act 172 of the 1978 Regular Session, which adopted the Code of Juvenile Procedure. The Code of Juvenile Procedure continued to provide the requirement that juvenile proceedings be recorded. Article 22, the source article for La.Ch.Code art. 410, provided, as does Article 410:
Juvenile proceedings, except in cases of traffic violations, shall be recorded.
Therefore, although the following cases were interpreting repealed Revised Statute 13:1579, their reasoning is applicable to the present case.
In Aaron, this court was faced with the issue of whether the pre-1972 version of 13:1579 required a juvenile to request recordation of testimony prior to trial. Finding 13:1579 could not be so interpreted, the court reasoned:
The requirement in LSA-R.S. 13:1579 (as written prior to the 1972 amendment) that testimony be recorded is in keeping with the requirements of due process in juvenile cases as outlined in the landmark case of In re Gault [sic], 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).... The court specifically stopped short of extending to juveniles the right to have a transcript and the right to appellate review. It did so however, with the admonition that
"failure to provide an appeal, to record the proceedings, or to make findings or state the grounds for the juvenile court's conclusion may be to throw a burden upon the machinery for habeas corpus, to saddle the reviewing process with the burden of attempting to reconstruct a *470 record, and to impose upon the Juvenile Judge the unseemly duty of testifying under cross-examination as to the events that transpired in the hearings before him. 387 U.S. at 58, 87 S.Ct. at 1460."
Id. at 728.
The Aaron court concluded:
Since the recordation of testimony in civil appealable cases (those involving at least $100) is either customary or required, it is difficult to conclude that LSA-R.S. 13:1579 as written prior to the 1972 amendment, could be interpreted to require a juvenile to request recordation of testimony prior to trial.
The commitment of Jerry L. Aaron to the Louisiana Training Institute is set aside and the cause remanded for further proceedings.
Id. at 729.
Citing Aaron, as well as other cases, the second circuit reversed an adjudication of delinquency and commitment and remanded for further proceedings because the juvenile court failed to have the delinquency hearing reported or recorded and transcribed as required by La.R.S. 13:1579. State in the Interest of Bearden, 381 So.2d 582 (La.App. 2 Cir.1980). The court stated:
The juvenile court having failed to have the delinquency hearing reported or recorded and transcribed as required by LSA-R.S. 13:1579 (applicable on the date of the hearing in 1978), and there being no legal authority for substituting a narrative of facts prepared by the trial judge for a verbatim transcript of the evidence as was done here, the adjudication of delinquency and commitment of the appellant juvenile... is reversed and set aside. (Citations omitted). The case is remanded for further proceedings....
Id.
The first circuit, also citing Aaron, set aside a juvenile's probation and remanded for rehearing because of an incomplete record due to sporadic failure in the recording equipment. State in the Interest of Wagster, 348 So.2d 753 (La.App. 1 Cir.1977). The court noted that "[a] juvenile court is required by law to record juvenile proceedings and to make the testimony available for transcription." Id. at 754. Wagster concluded that the record was "so incomplete as to make impossible a determination as to whether evidence was admitted which was obtained as the result of an illegal search and seizure." Id.
In the case sub judice, the only records of the juvenile's disposition are the minutes and a custody order signed by the judge. The minutes provide as follows:
The juvenile was present in camera and was represented by Mr. Lloyd Dangerfield. The father of the juvenile was present. The State recommended that the juvenile be adjudicated a Delinquent, to which the Court so ordered. The State recommended that the juvenile be placed with the Department of Youth Services and Corrections until his twenty-first (21st) birthday, to which the Court so ordered.
The custody order sets out the disposition, the date of the disposition and that "[r]easonable efforts were made to prevent or eliminate the need for removal and to make it possible for the child to return to his/her home."
We conclude that this is insufficient to review the juvenile's disposition. We also conclude, based upon La.Ch.Code art. 410 and upon the jurisprudence interpreting previous statutes dealing with the recordation requirement of juvenile proceedings, that defendant's disposition should be set aside and the case remanded for rehearing.
DEFENDANT'S SOLE ASSIGNMENT OF ERROR:
As stated above, the juvenile claims the trial court erred in imposing an excessive sentence and in failing to adequately consider the requirements of Articles 901 and 903(A) of the Louisiana Children's Code. Our decision to remand this case for rehearing pretermits a discussion on this assignment.

DECREE
For the foregoing reasons, defendant's disposition is vacated and the case is remanded for further proceedings consistent with this opinion.
*471 DISPOSITION VACATED; CASE REMANDED.