692 So.2d 1385 (1997)
STATE of Louisiana in the Interest of T.J.T.
STATE of Louisiana in the Interest of D.J., et al.
STATE of Louisiana in the Interest of K.G.M.
STATE of Louisiana in the Interest of J.W.
STATE of Louisiana in the Interest of A.A.
STATE of Louisiana in the Interest of C.B.
Nos. 97-C-0335 to 97-C-0340.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1997.
*1386 Harry F. Connick, District Attorney, Daniel R. Gerleman, Assistant District Attorney, New Orleans, for the State.
Before BYRNES, LOBRANO and PLOTKIN, JJ.
BYRNES, Judge.
The State requests a review of the juvenile court's ruling which denied the State's objection and motion to withdraw the trial court's order for additional disposition hearings in this consolidated writ application.[1]
In the present cases, the juvenile court, on its own motion, and by petition of the juvenile defendants, set the cases for new disposition hearings. On February 6, 1997 the State filed an objection and motion to rescind the juvenile court's order.
During the February 14, 1997 hearing, the juvenile court in the present cases reviewed State in the Interest of C.D., 95-160 (La.App. 5 Cir. 6/28/95), 658 So.2d 39, in which the Fifth Circuit held that La. Ch.C. art. 897.1(B) gives the juvenile court discretion to order the length of time a juvenile is to remain in custody for armed robbery, to be determined at a disposition hearing. The Fifth Circuit found that art. 897.1(B) is more specific and more controlling than art. 897.1(A), the general provision imposing a mandatory length of time for armed robbery and certain other felonies. The Fifth Circuit vacated the sentence imposed by the juvenile court and ordered a disposition hearing at which the juvenile court had the discretion to determine the appropriate sentence.
In the present cases, the juvenile court noted its impression prior to the Fifth Circuit case that it had no discretion in sentencing the delinquents so evidence of aggravating or mitigating factors was immaterial in the prior dispositions. After granting new disposition hearings in the cases, the juvenile court denied the State's objection and motion to rescind the juvenile court's order, but granted a stay of these proceedings until this *1387 matter is considered by this court. The State's writ application followed.
At issue in this consolidated writ application is whether the juvenile court has the discretion to sentence the delinquents with adjudications for armed robbery, or whether the sentences for armed robbery are mandatory under La. Ch.C art. 897.1 so that the original disposition hearings in these cases were proper.[2]
La. Ch.C. art. 897.1 provides:
Art. 897.1. Disposition after adjudication of certain felony-grade delinquent acts
A. Notwithstanding any other provision of law to the contrary, after adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:30, first degree murder; R.S. 14:30.1, second degree murder; R.S. 14:42, aggravated rape; R.S. 14:44, aggravated kidnapping; R.S. 14:64, armed robbery; or R.S. 14:113, treason; the court shall commit the child to the custody of the Department of Public Safety and Corrections to be placed within a secure detention facility until the child attains the age of twenty-one years without benefit of parole, probation, suspension of imposition or execution of sentence, modification, or furlough. [Emphasis added.]
B. Notwithstanding any other provision of law to the contrary, after adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:64, armed robbery, the court shall commit the child to the custody of the Department of Public Safety and Corrections to be placed within a secure detention facility for the length of the term imposed by the court at the disposition hearing without benefit of parole, probation, suspension of imposition or execution of sentence, modification, or furlough. [Emphasis added.]
In State in the Interest of C.D., id., The Fifth Circuit reviewed the following language in Section La. Ch.C. art. 897.1(B): "the court shall commit the child to be placed within a secure detention facility for the length of the term imposed by the court." The Fifth Circuit reasoned that the wording in Section B meant that the juvenile court has discretion in sentencing a juvenile guilty of armed robbery. Otherwise holding a disposition hearing would be pointless. The Fifth Circuit noted that if: "[Section A] of Article 897.1 mandates a delinquent juvenile guilty of armed robbery to be sentenced to custody until his twenty-first birthday, ... a disposition hearing would be futile, and the failure to conduct one would constitute harmless error, because regardless of the evidence presented the trial court could not exercise any discretion in the disposition." Id., 658 So.2d at 42. However, the purpose of the disposition hearing is not only to provide for a particular sentence but also to provide a procedural method in which the juvenile is properly sentenced.
In State in the Interest of T.T., 96-06 (La.App. 3 Cir. 5/8/96), 677 So.2d 466, the Third Circuit found that failure to record a juvenile's disposition hearing required that disposition to be set aside where the appellate court found that the minutes and custody order signed by the trial judge were insufficient to review the juvenile's disposition. La. Ch.C. art. 410 requires that: "Juvenile proceedings, except in cases of traffic violations pursuant to Title IX, shall be recorded." The Third Circuit interpreted the article to require that the disposition hearing should be reported or recorded by stenographic notes or mechanical or electronic recording device. That court also noted that La. Ch.C. art. 892 was violated because more than thirty *1388 days had elapsed between adjudication and disposition without any evidence of good cause for a delay. However, the appellate court found that a delay of three days was harmless and did not prejudice the delinquent where the trial court gave the delinquent credit for time served from the date of adjudication to the time of disposition.
In State in the Interest of C.D., supra, The Fifth Circuit found no evidence that a prior disposition hearing was held or waived by the delinquent. In the present cases, the February 14, 1997 hearing transcript indicates that each juvenile had a prior disposition hearing with the appropriate parties present. The delinquents do not argue that the prior disposition hearings were procedurally improper, but they contend that the juvenile sentence for armed robbery is discretionary and not mandatory.
The Fifth Circuit recognized that: "The disposition required for an adjudication of armed robbery under the Children's Code is in conflict through an apparent oversight of the legislature." Id., 658 So.2d at 41. That appellate court further acknowledged that: "[Section B] of Article 897.1, which allows the trial court discretion in the length of time a juvenile is to be held in custody for armed robbery, is in direct conflict with section A, which imposes a mandatory length of time for armed robbery. Until the legislature chooses to correct this glaring contradiction, we can only proceed the best we know how." Id., 658 So.2d at 42.
Where two laws conflict, the law more specifically directed to the matter at issue must prevail over the general law. State v. One 1990 Sierra Classic Truck, 94-0639 (La. App. 4 Cir. 11/30/94), 646 So.2d 492, writ denied, 94-3171 (La.2/17/95), 650 So.2d 254. The State argues that the particular statute provision controls over the general only when there is no interpretation in which both provisions can be upheld.
An interpretation allowing the trial court discretion in sentencing a juvenile found guilty of armed robbery disregards the intent of Section A of La. C.Ch. art. 897.1, and it would have no meaning with regard to a juvenile delinquent's armed robbery sentence. In Act 430 of 1993, which enacted art. 897.1 and other amended and enacted statutes, the stated purpose of the Act was "to require juveniles adjudicated delinquent for certain serious crimes to be placed in custody... in a secure facility for certain definitive periods; to provide that the disposition is without benefit of parole, probation, suspension of imposition or execution of sentence, modification, or furlough, ... and to provide for related matters." Sections A and B were enacted under the same act. If the legislature had intended for the trial court to have discretion to impose a lesser sentence than juvenile life for armed robbery, it would not have included that offense in Section A.
This court's interpretation is that Section B singles out armed robbery to make it consistent with the adult criminal code. The other felonies enumerated in Section A are all punishable by life imprisonment in the adult criminal code. Thus a sentence until age 21, or "juvenile life" would correspond for a minor. However, the sentence for armed robbery is a set number of years in the adult code. The trial court then must set out the amount of time a juvenile defendant must serve until age 21 for the sentence to correspond to the adult code. Therefore, Section B of art. 897.1 provides that the trial court must set out the definitive length of term imposed, which cannot exceed "juvenile life" or when the delinquent attains the age of 21.
Section B requires that a disposition hearing take place in which the trial court must set out the length of term imposed. However, the article does not require a review of mitigating factors, which would be contrary to La. Ch.C. art. 901(E), which precludes mitigating factors from consideration for delinquents who are found guilty of armed robbery.[3] Therefore, the Fifth Circuit's interpretation *1389 allowing the juvenile court the discretion to determine the armed robbery sentences has no purpose if it cannot review mitigating factors. The term for armed robbery is mandatory but must be viewed in terms of a juvenile life sentence which occurs when the delinquent reaches the age of 21. This interpretation of La. Ch.C. art. 897.1 gives meaning to both Sections A and B.
We decline to follow the Fifth Circuit's interpretation of La. Ch.C. art. 897.1, which disregards Section A. Under La. Ch.C. art. 897.1, the juvenile armed robbery disposition sentence is mandatory.
Accordingly, we reverse the juvenile court's ruling, and grant the State's motion to rescind the juvenile court's order setting additional disposition hearings. The delinquents' disposition sentences based on the original disposition hearings are valid.
WRIT GRANTED; REVERSED.
PLOTKIN, J., dissents.
PLOTKIN, Judge, dissenting.
The majority asserts that the Fifth Circuit erred in interpreting Children's Code article 897.1 to nullify Section A's mandatory imposition of a sentence of "juvenile life" for armed robbery. By drawing a tenuous distinction between the sentence of "juvenile life" and a fixed sentence equivalent to the number of years necessary for the offender to reach the age of twenty-one, the majority reasons that Section B can be explained as an effort to bring parity to juvenile and adult offenses. I respectfully disagree. Instead, I would prefer to recognize, as has the Fifth Circuit, that the two sections of the article are in conflict. Rather than assume, as did the Fifth Circuit, that the legislature erred, I would interpret this article as establishing a rule in Section A and an exception for armed robbery in Section B. Because armed robbery is the only crime enumerated in Section A that is not punishable by life imprisonment or death in the adult criminal code, a sound *1390 basis exists for inferring that the legislature intended to distinguish in the juvenile code between armed robbery and those crimes. Accordingly, I would grant the consolidated applications only to affirm the juvenile court judge's discretion.
NOTES
[1] The cases are docketed in this court as follows:

97-C-0335, In the interest of T.J.T., Juvenile Court Case No. 96-106-05-QD;
97-C-0336, In the interest of D.J. et al., Juvenile Court Case No. 94-313-04-QD. (This application concerns two juvenile defendants, who were charged together in the same case and adjudicated on the same date.)
97-C-0337, In the interest of K.G.M., Juvenile Court Case No. 93-361-04-QD;
97-C-0338, In the interest of J.W., Juvenile Court Case No. 94-010-01-QD;
97-C-0339, In the interest of A.A., Juvenile Court Case No. 95-316-08-QD; and
97-C-0340, In the interest of C.B., Juvenile Court Case No. 95-087-05-QD.
[2] The State also contends that the delinquents did not appeal so that the juvenile court and this court are precluded from reviewing the delinquents' disposition sentences.

In Case No. 97-C-0335, In the Interest of T.J.T., the June 24, 1996 Judgment shows that: "The court notes defense counsel's intention to file an appeal in this matter."
In Case No. 97-C-0340, In the Interest of C.B., the May 22, 1995 Judgment shows that: "The Court notes that Mr. Richardson [defense counsel] gives formal notice to the Court to reserve the rights of the juvenile's rights [sic] to appeal the Court's decision."
This court has no record that appeals have been filed in any of the cases involved in this writ application. However, we exercise our supervisory jurisdiction to review the first issue raised by the State.
[3] La. Ch.C. art. 901(E) (also enacted along with La.C.Ch. Art. 897.1 in Act 430 of 1993), provides:

Art. 901. Disposition guidelines; generally
A. In considering dispositional options, the court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal.
B. The court should impose the least restrictive disposition authorized by Articles 897 through 900 of this Title which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society.
C. Commitment of the child to the custody of the Department of Public Safety and Corrections may be appropriate if any of the following exists:
(1) There is an undue risk that during the period of a suspended commitment or probation the child will commit another crime.
(2) The child is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment.
(3) A lesser disposition will deprecate the seriousness of the child's delinquent act.
(4) The delinquent act involved the illegal carrying, use, or possession of a firearm.
D. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of the disposition or probation:
(1) The child's delinquent conduct neither caused nor threatened serious harm.
(2) The child did not contemplate that his delinquent conduct would cause or threaten serious harm.
(3) The child acted under strong provocation.
(4) There were substantial grounds tending to excuse or justify the child's delinquent conduct, though failing to establish a defense.
(5) The victim of the child's delinquent conduct induced or facilitated its commission.
(6) The child or his family has compensated or will compensate the victim of his delinquent conduct for the damage or injury that the victim sustained.
(7) The child has no history of prior delinquency or has led a law-abiding life for a substantial period of time before the commission of the instant delinquent act.
(8) The child's delinquent conduct was the result of circumstances unlikely to recur.
(9) The character and attitudes of the child indicate that he is unlikely to commit another delinquent act or crime.
(10) The child is particularly likely to respond affirmatively to probationary treatment.
(11) The commitment of the child would entail excessive hardship to himself or his family.
E. The general disposition guidelines set forth in Paragraphs A through D of this Article do not apply when a child has been adjudicated a delinquent for the violation of R.S. 14:30, first degree murder; R.S. 14:30.1, second degree murder; R.S. 14:42, aggravated rape; R.S. 14:44, aggravated kidnapping; R.S. 14:64, armed robbery; or R.S. 14:113, treason; in accordance with Article 897.1. [Emphasis added.]