I ¡TRAYLOR, J.*
We granted writs in this case to resolve a conflict between the circuits over the meaning of Article 897.1 of the Louisiana Children’s Code. We find that Article 897.1 authorizes juvenile courts to use discretion in determining the length of commitment to the custody of the Department of Public Safety and Corrections of juveniles adjudicated guilty of armed robbery. We further find that Article 897.1 mandates that such commitments be made without benefit of parole, probation, or suspension of imposition or execution of sentence, modification, or furlough. Accordingly, we remand to the juvenile court for correction of the illegally lenient disposition originally imposed.
FACTS AND PROCEDURAL HISTORY
On August 20, 1997, A.M. and T. K., 14 and 15 years old respectively, pled guilty to armed robbery, a violation of La. Rev. Stat. 14:64, and were adjudicated delinquent. On October 23, 1997, the juvenile court committed the two to the custody of the Department of Public Safety and Corrections for a period of two years, all but six months of the two years being suspended.
The state filed a motion to correct an illegally lenient sentence on December 1, 1997, which was denied by the juvenile court. On September 9, 1998, the court of appeal reversed the juvenile court, holding that the law demanded that delinquent armed robbers be committed until the age of twenty-one, and, on September 30,1998, denied rehearing. This Court granted writs on February 12,1999.
LAW AND DISCUSSION
Article 897.1, as published, reads:
A. Notwithstanding any other provision of the law to the contrary, after adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:30, first degree murder; R.S. 14:30.1, second degree murder; R.S. 14:42, aggravated rape; 14:44, aggravated kidnapping, R.S. 11:6k, armed robbery; or R.S. 14:113, treason; the court shall commit the child to the custody of the | ¡¿Department of Public Safety and Corrections to be placed within a secure detention facility until the child attains the age of twenty-one years without benefit of parole, probation, suspension of imposition or execution of sentence, modification, or furlough.
B. Notwithstanding any other provision of law to the contrary, after adjudication of a felony-grade delinquent act based upon a violation of R.S. lk:6k, armed robbery, the court shall commit the child to the custody of the Department of Public Safety and Corrections to be placed within a secure detention facility for the length of the term imposed by the court at the disposition hearing without benefit of parole, probation, suspension of imposition or execution of sentence, modification, or furlough. [Emphasis added].
In reversing the juvenile court’s finding that Article 897.1 allowed discretionary disposition, the Fourth Circuit reiterated its previous holding in State in the Interest of T.J.T., 97-0335, 97-0336, 97-0337, 97-0338, 97-0339, 97-0340 (La.App. 4th Cir. 4/9/97); 692 So.2d 1385. In T.J.T., the court of appeal held that Section B “single[d] out armed robbery to make it consistent with the adult criminal code” because the sentence for armed robbery alone among the offenses enumerated in Article 897.1 is punishable by a set number of years in the adult code. State in the Interest of T.J.T., 692 So.2d at 1388. Hence, the court held, a juvenile court must set out the amount of time a juvenile must serve until age 21 for the sentence to *190 correspond with the adult code. State in the Interest of T.J.T., 692 So.2d at 1388.
Relators contend that, as the Fifth Circuit held in State in the Interest of C.D., 95-160 (La.App. 5th Cir. 6/28/95); 658 So.2d 39, Sections A and B of Article 897.1 conflict and that, as a result, Section B, being the more specific of the two sections, controls. Relators further argue, citing to the Second Circuit opinion in State in the Interest of D.L., 30878 (La.App. 2nd Cir. 6/24/98); 715 So.2d 623, 628, that as Section B provides for a disposition hearing, sentencing must be subject to judicial discretion, because a disposition hearing would be unnecessary under a mandatory disposition scheme where no aggravating or mitigating factors may be considered.
The function of statutory interpretation and the construction to be given to legislative acts rests with the judicial branch of the government. Touchard v. Williams, 617 So.2d 885 (La.1993). When a law is clear and unambiguous and its application does not lead to absurd consequences, the law is applied as written and no interpretation may be made, but when the words of a law are ambiguous, their meaning must be found by examining their context and the text of the law as a whole. La. Civ.Code arts. 9, 12. Further, it is a well-recognized and long-established rule of statutory construction that a statute should be interpreted as a whole to effect the legislative intent and should be construed in such way as to reconcile, if possible, apparent inconsistencies or ambiguities so that each part is given effect. State v. Cazes, 263 So.2d 8, 12 (La.1972). Finally, the paramount consideration in interpreting a statute is ascertaining the legislature’s intent and the reasons that prompted the legislature to enact the law. Garrett v. Seventh Ward Hosp., 95-0017 (La.9/22/95); 660 So.2d 841.
Because Article 897.1, in Section A, ambiguously requires that juvenile armed robbers be committed “without benefit” until the age of twenty-one, while in Section B indicates that those same juveniles are to be committed “for the length of the term imposed by the court,” we | ^examine the intent of the legislature to determine the meaning of the contrary terminology.
A particularly helpful guide in ascertaining the intent of the legislature is the legislative history of the statute in question. Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97); 694 So.2d 184. Interestingly, the legislative history of reveals that House Bill 692, intended to enact Article 987.1, was amended on April 29, 1993 to delete the words “R.S. 14:64, armed robbery” from the text of Section A and to add the entirety of Section B. Legislative Calendar, 19 th Regular Session, Vol. I, 228 (1993); Official Journal, La. House of Representatives, 19 th Regular Session, Vol. I, Day 16, p. 12 (1993). The House of Representatives later approved the bill as amended and transferred the bill to the Senate. Legislative Calendar, 19th Regular Session, Vol. I, 228 (1993); Official Journal, La. House of Representatives, 19 th Regular Session, Vol. II, Day 20, p. 30-31 (1993). The Senate passed the bill without further amendment on May 27, 1993. Legislative Calendar, 19th Regular Session, Vol. I, 228 (1993); Official Journal, La. Senate, 19th Regular Session, Vol. Ill, p. 1543-44 (1993). It is apparent from the history of the bill that a clerical error caused Article 897.1 to be published without deletion of the words “R.S. 14:64, armed robbery” from Section A. Because the legislature did not intend that armed robbery be included in Section A, Section B controls commitment of juvenile delinquent armed robbers.
The juvenile court used its discretion to commit the two juveniles to two years secure detention, with all but six months suspended. This sentence was clearly erroneously lenient, as Section B unambiguously mandates that all juveniles adjudicated delinquent based upon the commission of armed robbery be committed “without benefit of parole, probation, *191 suspension of imposition or execution of sentence, modification, or furlough.”
HOLDING
Because the legislature clearly intended that armed robbery not be included in the list of offenses enumerated in Article 897.1, Section A, of the Louisiana Children’s Code, we find that juvenile courts are authorized to use discretion in determining the term of commitment to the custody of the Department of Public Safety and Corrections of juveniles adjudicated guilty of armed robbery. We further find that Article 897.1 mandatés that such commitments be made without benefit of parole, probation, or suspension of imposition or execution of sentence, modification, or furlough. Accordingly, we remand to the juvenile court for correction of the illegally lenient disposition originally imposed.
REVERSED, REMANDED.

 JOHNSON, J. not on panel. See Rule IV, Part 2, Section 3.