PETTIGREW, J.
|/The sixteen-year-old juvenile, T.D., was alleged to be delinquent in a petition filed *779 by the State on January 16, 2015, pursuant to the Louisiana Children’s Code.[1] The petition was based upon the alleged commission of armed robbery, a violation of Louisiana Revised Statutes 14:64 (count one) and illegal possession of a handgun by a juvenile, a violation of Louisiana Revised Statutes 14:95.8 (count two). At his adjudication hearing held on June 3, 2Q15, T.D. was adjudicated delinquent as to count one, and count two was. dismissed for insufficient evidence.
At his disposition hearing held on July 1, 2015, T.D. was committed to confinement for ninety days with the Department of Public Safety and Corrections,. Office of Juvenile Justice (“OJJ”). The State filed a motion to reconsider the disposition on July 8, 2015, which was denied.[2]
By cover letter dated August 7, 2015, the OJJ sent the juvenile court an assessment summary regarding T.D. Said document was apparently received by the juvenile court on August 13, 2015. The assessment summary does not bear any stamp or marking indicating that the document was filed with the clerk of court. Moreover, there is no indication that a copy of the assessment summary' was provided to counsel for T.D. On October 14, 2015, counsel for T.D. fifed a motion to strike With this court arguing that the assessment summary should be stricken from the record bécause 1) T.D. was never provided with notice of its existence; '2) the document was never filed with the clerk of court; and 3) the State could not have relied on the assessment summary in its motion to reconsider the disposition when the motion to reconsider was fifed with the juvenile court on July 8, 2015.
laOn appeal, , the State argues that the 'juvenile court abused .its discretionary power, in sentencing. T.D. For the following. reasons, we affirm T.D.’s adjudication and disposition and grant T.D.’s motion to strike.
FACTS
On December 3, 2014, around 9:00 p.m., Bobby Duncan, Sr., employed by United Parcel Service, Inc., was delivering packages ' on Sarasota Boulevard • in Baton Rouge. As Duncan exited- his vehicle and walked toward the front door of a house on his delivery route, he observed three young males walking up and down the sidewalk. He delivered the package and reentered his vehicle. As he turned around to buckle his’seatbelt, he saw one of the three, later identified' as Joshua Gauthier, holding a gun to his face. The two other young men, later identified as T.D. and T.A. were standing on the side of his vehicle. Gauthier asked Duncan, “Where is the money?” When Duncan responded that he did not carry money, Gauthier cocked his gun and stated, “[d]on’t ‘F’ with me -I’m going to do you [sic].” When Duncan emptied, his pockets and Gauthier realized Duncan did not have any . money, he asked whether Duncan had a cellular telephone. Duncan gave his phone and passcode to Gauthier. Once Gauthier took the phone, he, T.A., and T.D. ran toward a nearby apartment complex. Duncan testified that, during the exchange, T.A. and T.D. “just [stood] there.” Duncan reported the incident, gave a description of the three young men, and officers with the East Baton Rouge Parish Sheriffs Office responded to the scene,
*780 T.A. testified at the adjudication hearing that his and .T.D.’s roles were to assist if “something get [sic] but of hand.” However, according to T.A., when Gauthier pointed the gun at Duncan and threatened him, he and T.D. were “shocked” because they did not think Gauthier was going to go through with the robbery.
DISPOSITION
In its sole assignment of error, the State .argues .that the disposition imposed by the juvenile court is illegally lenient. Specifically, the State contends that in light of the offense of armed robbery, the juvenile court abused, its discretion in imposing a 14disposition; of. ninety days. According to the State, a ninety-day period was insufficient for all of T.D.’s rehabilitative needs to be addressed, and the OJJ’s recommended disposition for one year .should have been imposed.[3]
Louisiana Children’s Code Article 897,1 B provides as follows with regard to the adjudication of juvenile delinquency for the offense of armed robbery:
After adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:64, armed robbery, the court shall commit the child: who is fourteen years of age or older at the time of the commission of the offense to the custody of the Department of Public Safety and Corrections to be confined in secure placement for the length of the term imposed by the court at the disposition hearing without'benefit of parole, probation, suspension of imposition or execution- of sentence, or modification of sentence. '
Louisiana Supreme Court jurisprudence indicates that Article 897.1 B allows a juvenile court’s discretion in determining the term of commitment to the custody of OJJ of juveniles adjudicated guilty of armed robbery. See State in the Interest of A.M. and T.K., 98-2752, pp. 2-3 (La.7/2/99), 739 So.2d 188, 190-191. Under Louisiana Children’s Code article 901 B, the juvenile court “should impose the least restrictive disposition authorized’ by Articles 897 through 900 ;.. which the court finds is consistent with the' circumstances of the case, the needs of the child, and the best interests of society.”
A predisposition report was filed on June 26, 2015, prior to the disposition hearing. The report' was prepared by T.D.’s probation officer,- Edward Smith, who testified about its contents at the disposition hearing. Smith began supervising T.D. on December 10, 2014. During that time, T.D. was cooperative. Drug screens were performed on T.D. six times, and he tested positive for a controlled dangerous substance only once. Smith testified that T,D. expressed remorse, and he believed that T.D- would succeed under probation because he presented a low risk for violence and, delinquency. Smith explained that. although he recommended commitment to OJJ for one year, he only did so because the sentencing provisions for armed robbery were ^mandatory. He stated that under any other circumstances, he would recommend supervised probation for T.D. T.D.’s mother also testified at the disposition hearing, and confirmed that T.D. was compliant with his curfew and did not treat her in a disrespectful manner.
Prior to committing T.D. to custody for ‘ninety days, the juvenile court stated that it considered the totality of the circumstances, and pointed out that T.D. had an opportunity to leave the scene and go else *781 where, but chose to stay with Gauthier. The State objected to the disposition and filed a motion to reconsider, wherein it argued that the ninety-day disposition imposed was illegally lenient. T.D.’s counsel filed an opposition to the motion and argued that the State failed to provide statutory or jurisprudential authority for its claim. He further argued that the Louisiana Children’s Code does not require the juvenile court to impose any minimal term. See La. Ch.Code art. 897.1 B.
The juvenile court denied the motion after a hearing held on August 5,2015, and provided written reasons for judgment. The juvenile court pointed out that T.A. was charged with principal to armed robbery, a violation of La. R.S. 14:64 and 14:24, but accepted an agreement- with the State wherein for a lesser charge of principal to simple robbery, a violation of La. R.S. 14:65 and 14:24, he was given a disposition of probation for a term of one year. The juvenile' court noted that T.D. and T.A. played the same roles in the incident, and arguably, the disposition entered for T.D. was harsher than that for T.A. ' The juvenile court noted that although T.A. had to comply with the conditions of his probation, he was afforded some freedom. To the contrary, T.D. was confined and without freedom.
After review of the record, we find no abuse of discretion in the juvenile court’s imposition of a ninety-day disposition. Although the State contends that, the juvenile court should have imposed the disposition recommended in - the predisposition report, the probation officer who prepared the report testified that he would have recommended probation for T.D. had the statute not contained a mandatory sentencing provision. The juvenile court considered a totality of the circumstancés surrounding the | (¡incident, and opined that T.D.’s punishment - of confinement' was harsher than that of T.A., who played the same role in the offense. In light of these factors, we find that the- disposition ■ imposed by the juvenile court was not illegally lenient.
ADJUDICATION AND DISPOSITION AFFIRMED; MOTION TO STRIKE GRANTED.
CRAIN, J., concurs and assigns reasons.

. Pursuant to Rules 5-1 and 5-2 of the Uniform Rules — Courts of Appeal, the initials of the juveniles involved in this matter will be used instead of their names.

. The Louisiana Children’s Code does not provide for a motion to reconsider sentence, but does provide for a motion for modification of disposition. See La. Ch.Code art. 910.

. Because the State has alleged an illegally lenient sentence, we are considering this appeal by the State in accordance with La. Code Crim. P. art. 881.2 B(l)(a), which governs the review of sentences'.