# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-439

**STATE IN THE INTEREST OF**
**S.D.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
ABBEVILLE CITY COURT
PARISH OF VERMILION, NO. JU-5936
HONORABLE MARIE B. TRAHAN, JUDGE AD HOC

**\*\*\*\*\*\*\*\*\*\***

## MARC T. AMY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and
Shannon J. Gremillion, Judges.

## AFFIRMED.  REMANDED WITH INSTRUCTIONS.

**Michael Harson**
**District Attorney**
**Post Office Box 3306**
**Lafayette, LA   70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
        State  of Louisiana

**Aimee F. Hebert**
**Assistant District Attorney**
**100 North State Street**
**Abbeville, LA   70510**
**(337) 898-4320**
**COUNSEL FOR APPELLEE:**
        State  of Louisiana

**Jermaine D. Williams**
**1313 Lafayette Street**
**Lafayette, LA   70501-6841**
**(337) 235-3989**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **S.D.**

**AMY, Judge.**

The defendant was adjudicated a juvenile delinquent for the commission of an armed robbery. A panel of this court affirmed that adjudication on appeal. However, the panel vacated the disposition imposed upon a finding that the juvenile judge erred in concluding that a disposition of secure placement until the juvenile's twenty-first birthday was required. On remand, the juvenile judge again placed the juvenile in the custody of the State until his twenty-first birthday and ordered that the disposition be served without the benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence. The juvenile appeals. For the following reasons, we affirm and remand with instructions discussed below.

## Factual and Procedural Background

In January 2013, the State filed a petition alleging that S.D.[1] (age 16 at the time of the offense), committed a delinquent act with a dangerous weapon. *See* La.R.S. 14:64. As more fully set forth in the prior appeal in this matter, *State in the Interest of S.D.*, 13-1028 (La.App. 3 Cir. 2/12/14) (an unpublished opinion), the offense involved the allegation that S.D. arranged to meet the victim after S.D. indicated interest in purchasing a cellular telephone. The State asserted that the meeting occurred in the parking lot of an apartment complex and that, upon the victim lowering the window of his vehicle, S.D. placed a gun to his neck. The victim explained that he knew S.D. and identified him as the perpetrator. The victim also explained that another individual who approached the car with S.D. entered the passenger side of the victim's vehicle and began hitting him about the

[1]We reference the juvenile by use of initials per Uniform Rules—Courts of Appeal, Rule 5—2.

face. The victim explained that S.D. demanded an iPad. Although the victim explained that he did not have an iPad, his cellular phone and a hat he purchased earlier in the day were taken. He thereafter left the scene and reported the offense to the authorities. A resident of the apartments testified that she witnessed the altercation and provided her recollection at the juvenile proceeding.

Following the hearing, the juvenile judge adjudicated S.D. a juvenile delinquent for the commission of armed robbery and ordered him to be placed in the custody of the Louisiana Department of Public Safety and Corrections. The juvenile judge further ordered that the disposition be served without benefit of parole, probation, suspension of imposition or execution of sentence, or without modification. In the original appeal, a panel of this court affirmed the adjudication, finding, in part, that the State presented sufficient evidence to support the juvenile judge's determination. *See State in the Interest of S.D.*, 13-1028. However, in review of S.D.'s assertion that the disposition was excessive, the panel concluded that the juvenile judge erred in concluding "that the only disposition available in this matter was a secure placement in the custody of DPSC until S.D.'s twenty-first birthday." *Id.* at p. 12. Rather, the panel noted that, while La.Ch.Code art. 897.1(B) prescribes that "the disposition imposed for the offense of armed robbery is without benefits, the length of confinement under [the Article] is subject to the discretion of the juvenile judge." *Id.* Thus, the panel vacated the disposition and remanded the matter "with instructions to impose a new judgment of disposition[.]" *Id.*

On remand, the juvenile judge conducted a new disposition hearing and ordered that S.D. be placed in the custody of DPSC until his twenty-first birthday. Once again, the juvenile judge ordered that the disposition be without benefit of

2

parole, probation, suspension of imposition of sentence, suspension of imposition of execution of sentence, or modification of sentence.  S.D. appeals, questioning "[w]hether the sentence imposed by the trial court was excessive."

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record.  After review, we note that the custody order does not reflect that the juvenile judge imposed the disposition without the benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence, as indicated in the transcript of the disposition proceeding.  Accordingly, we remand this matter with instructions for correction of the custody order to reflect that the disposition was imposed without benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence, as indicated in the transcript of the disposition proceeding.

*Disposition*

As stated above, a panel of this court affirmed the underlying adjudication of S.D. as a delinquent for the commission of an armed robbery.  That adjudication is not now before the court. Rather, in S.D.'s sole assignment of error, he challenges the disposition imposed on remand and contends that it is excessive.  In particular, he suggests that the juvenile judge failed to adequately consider mitigating factors.  S.D. argues that, upon a finding of excessiveness, this court should not remand the matter for resentencing, but that it should impose an appropriate disposition on appeal.  *But see* La.Code Crim.P. art. 881.4(A) (which provides that: "If the appellate court finds that a sentence must be set aside on any

3

ground, the court shall remand for resentence by the trial court. The appellate court may give direction to the trial court concerning the proper sentence to impose.").

Louisiana Children's Code Article 897.1(B) provides as follows with regard to the adjudication of juvenile delinquency for the offense of armed robbery:

> After adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:64, armed robbery, the court shall commit the child who is fourteen years of age or older[2] at the time of the commission of the offense to the custody of the Department of Public Safety and Corrections to be confined in secure placement for the length of the term imposed by the court at the disposition hearing without benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence.

As noted by the panel conducting the initial review in this matter, supreme court jurisprudence indicates that Article 897.1(B) allows a juvenile judge's discretion in determining the term of commitment to the custody of the DPCS of juveniles adjudicated guilty of armed robbery. *See State in the Interest of A.M. and T.K.*, 98-2752 (La. 7/2/99), 739 So.2d 188. However, that discretion is subject to a review on a claim of excessiveness of the sentence. *See* La.Ch.Code art. 808 (providing that "All rights guaranteed to criminal defendants by the Constitution of the United States or the Constitution of Louisiana, except the right to jury trial, shall be applicable in juvenile court proceedings brought under this Title."); *See also* U.S. Const. amend. VIII; La.Const. art. 1, § 20; *State in the Interest of D.L.S.*, 30, 322 (La.App. 2 Cir. 1/21/98), 706 So.2d 187.

Generally, in a claim for excessiveness of a disposition in a juvenile matter, an appellate court must first ascertain whether the juvenile judge took cognizance

---

[2]The record reports that S.D., who was born in August 1996, was over the age of fourteen years of age at the time of the underlying offense in January 2013.

of the general guidelines of La.Ch.Code art. 901 and whether the record reflects an adequate basis for the commitment imposed. *State in the Interest of M.N.H.*, 01-1218 (La.App. 3 Cir. 2/6/02), 807 So.2d 1149, *writ denied*, 02-1041 (La. 5/24/02), 816 So.2d 857. Thereafter, the appellate court considers the claim of constitutional excessiveness in light of the circumstances of the case and the background of the juvenile. *Id.* The disposition will not be set aside on such a claim of excessiveness "[a]bsent a showing of manifest abuse of the wide discretion afforded in such cases." *Id.* at 1155, *quoting State in the Interest of T.L.*, 28,564 (La.App. 2 Cir. 5/8/96), 674 So.2d 1122.

In his excessiveness claim, S.D. references La.Ch.Code art. 901(D)[3] and asserts that the juvenile judge did not consider a number of mitigating factors listed therein. S.D. suggests that in imposing of a new sentence this court should

---

[3]Louisiana Children's Code Article 901(D) provides that:

The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of the disposition or probation:

(1) The child's delinquent conduct neither caused nor threatened serious harm.
(2) The child did not contemplate that his delinquent conduct would cause or threaten serious harm.
(3) The child acted under strong provocation.
(4) There were substantial grounds tending to excuse or justify the child's delinquent conduct, though failing to establish a defense.
(5) The victim of the child's delinquent conduct induced or facilitated its commission.
(6) The child or his family has compensated or will compensate the victim of his delinquent conduct for the damage or injury that the victim sustained.
(7) The child has no history of prior delinquency or has led a law-abiding life for a substantial period of time before the commission of the instant delinquent act.
(8) The child's delinquent conduct was the result of circumstances unlikely to recur.
(9) The character and attitudes of the child indicate that he is unlikely to commit another delinquent act or crime.
(10) The child is particularly likely to respond affirmatively to probationary treatment.
(11) The commitment of the child would entail excessive hardship to himself or his family.

consider that: he did not have prior adjudication; he had been out of custody on bond prior to the adjudication and disposition without incident; his mother indicated that she could adequately care for him and assure the court that there would be no further problems; he had a sizeable support system of relatives; his mother could facilitate an order of home incarceration; there is no indication that he will commit another delinquent act or crime; that his character/support structure indicate that he would respond well to probationary treatment; and that confinement would present an excessive hardship on him and his family.

However, we find no merit in the argument that the juvenile judge failed to consider the factors of La.Ch.Code art. 901(D). Rather, La.Ch.Code art. 901(E) clearly states that "[t]he general disposition guidelines set forth in Paragraphs A through D of this Article do not apply when a child has been adjudicated a delinquent for the violation of . . . R.S. 14:64, armed robbery in accordance with Article 897.1." Notably, the panel of this court reviewing S.D.'s sentence in the prior appeal recognized the inapplicability of Paragraph (D) to the disposition in the present armed robbery matter. *See State in the Interest of S.D.*, 13-1028.

Thus, we turn to consideration of the constitutional excessiveness claim. This court has previously explained that:

> The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Nevertheless, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. "Maximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is

6

> not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*See State v. Davenport*, 07-254, pp. 3-4 (La.App. 3 Cir. 10/3/07), 967 So.2d 563, 565.

In this case, and given S.D.'s age, the juvenile judge imposed a period of detention until the age of twenty-one. The juvenile judge explained:

> Just to make it clear, in considering what an appropriate disposition is for the juvenile. I've considered that he may be sentenced to disposition that is less than juvenile life. I've also considered the seriousness of the offense. The fact that it was carefully planned. The fact that there was a firearm involved. The fact that the juvenile planned the offense to the extent that he attempted to recruit his cousin to participate in the crime. And the callousness of his putting a gun to his victim's head for a cell phone. All of these factors convince me that it wasn't a momentary lapse in judgment, but a planned and premeditated armed robbery. I've considered the following in mitigation. The juvenile's youth. The fact that he was a student. The fact that he came from a single parent, hard working [sic] home. After having considered all of the aggravating and mitigating circumstances, I find that the appropriate disposition is secure placement in the custody of the Department of Public Safety and Corrections to be confined in secure placement until the juvenile attains the age of twenty-one years, without benefit of parole, probation, suspension of imposition or execution of sentence or modification of sentence. A lessor sentence would diminish the seriousness of the offense.

After review of the record in light of the excessiveness criteria, we find no abuse of discretion in the juvenile judge's imposition of disposition. As noted by the judge, the commission of this offense involved advanced planning and resulted in the placement of a firearm to the victim's head/neck in order to take personal property. Additionally, the juvenile acted in concert with another perpetrator who repeatedly struck the victim. In light of these factors, we find that the record supports the juvenile judge's characterization of this offense as a callous one, and the determination that a lesser disposition would diminish the seriousness of the

7

offense.  We note here too, that the juvenile judge imposed sentence following a statement indicating that she had considered all mitigating factors, including the juvenile's age, school status, and family factors.

This assignment of error lacks merit.

### DECREE

For the foregoing reasons, the juvenile judge's imposition of disposition is affirmed.  The matter is remanded to the Abbeville City Court for the correction of the custody order to reflect that the disposition was imposed without the benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence, as indicated in the transcript of the disposition proceeding.

**AFFIRMED.  REMANDED WITH INSTRUCTIONS.**