STEPHEN J. WINDHORST, Judge.
lain this appeal, C.L. contends that her commitment to juvenile life is excessive. For the following reasons, C.L.’s adjudication and commitment are affirmed.
The Jefferson Parish District Attorney filed a petition alleging that C.L.[1] was an accessory after the fact to second degree murder of Demone Robinson, a violation of La. R.S. 14:25 and La. R.S. 14:30.1. Initially, C.L. denied the allegation of the petition; however, she later withdrew her denial and entered an admission to the allegations. In return for C.L.’s admission to the allegation, the State agreed not to charge her with an additional count of obstruction of justice. Following a pre-dispositional investigation, the juvenile judge entered a disposition ordering C.L. to serve until her twenty-first birthday at the Office of Juvenile Justice (O.J.J.) in secure custody. C.L. filed a motion to reconsider sentence, which was denied. This appeal follows.
I ¿FACTS
Because C.L. entered an admission of the allegation, the facts can be found in the colloquy between C.L. and the judge at her admission hearing. C.L. admitted that she knew or should have- known that a crime was committed, and that she drove the perpetrators away from the crime scene. She testified to the following facts during the colloquy.
On or about June 27, 2014, C.L, was in Raynell Whitaker’s apartment, and she saw Markeisha Lewis pass a silver handgun to Raynell before Raynell, Markeisha, and Everis “Nugget” Hilton left the apartment. C.L. was in the apartment with Everis’ girlfriend, Jasmona, who told her that she heard gunshots after the others had left. Markeisha, Raynell, and Everis returned to the apartment, and Everis said that he needed to take a shower because he had gunpowder on his clothes. Al *189 though Everis stated that he was “playing,” C.L. stated that she should have known he was serious because he often talked about robbing and killing people.
C.L. left with Markeisha to pick up Mar-keisha’s clothes for a sleepover at C.L.’s house with C.L. and Jasmona. After C.L. left with Markeisha, Markeisha asked C.L. to remove pills from a dead body that was located in the same apartment complex, but C.L. refused. C.L. returned to Ray-nell’s apartment, and then she drove Ever-is, along with another person identified only as Kevin, away from the crime scene. As they were leaving, she saw an ambulance arriving at the apartment complex. After dropping off Everis and Kevin at Kevin’s house, C.L. went to her house.
During her admission, C.L. admitted that she truly thought she was guilty of accessory after the fact to second degree murder.
^ASSIGNMENT OF ERROR
In her sole assignment of error, C.L. contends that the trial court erred in sentencing her to juvenile life. She argues that the trial court failed to adequately articulate a reason for imposing the maximum disposition allowed by law. She further asserts that, as a juvenile, she was ordered to serve more than a year longer than an adult serving the maximum sentence allowed by law for the exact same criminal statute, when considering eligibility for good time.
The Louisiana Constitution of 1974, Art. I, Sec. 20, prohibits “cruel, excessive, or unusual punishment.” State in the Interest of D.W., 13-114 (La.App. 5 Cir. 9/18/13), 125 So.3d 1180, 1189, writ denied, 13-2478 (La.4/4/14), 135 So.3d 639; State ex rel. T.S., 04-1111 (La.App. 5 Cir. 3/1/05), 900 So.2d 77, 79. In considering dispositional options, the court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal. La. Ch.C. art. 901-A; State in the Interest of D.W., supra.
On appeal, the record, must be reviewed when excessive commitment is complained of in a juvenile proceeding in order to determine whether the juvenile court imposed the least restrictive disposition consistent with the circumstances of the case, the child’s needs, and the best interest of society. La. Ch.C. art. 901 B; State in the Interest of D.W., 125 So.3d at 1190. Because of the special nature of the proceedings, a juvenile court has much discretion, but the court must balance the needs of the child with the best interest of society. Id.
Generally,-in a claim for -exces-siveness of a disposition in a juvenile matter, an. appellate court must first ascertain whether the juvenile judge took cognizance of the.general guidelines of La. Ch.C. art. 901 and whether the record reflects an adequate basis for the commitment imposed. Thereafter, the appellate court should | ^consider the claim of constitutional excessiveness in light of the circumstances of the case and the - background of the juvenile. State in the interest of S.D., 14-439 (La.App. 3 Cir. 10/01/14), 149 So.3d 917, 920-21; State in the Interest of M.N.H., 01-1218 (La.App. 3 Cir. 2/6/02), 807 So.2d 1149, writ denied, 02-1041 (La.5/24/02), 816 So.2d 857. The disposition will not be set aside on such a claim of excessiveness “absent a showing of manifest abuse of the wide discretion afforded in such cases.” State in the Interest of S.D., supra;
La. Ch.C. art. 901 C provides that:
C. Commitment of the child to the custody of the Department of Public *190 Safety and Corrections may be appropriate if any of the following exists:
(1) There is an undue risk that during the period of a suspended commitment or probation the child will commit another crime.
(2) The child is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment.'
(3) A lesser disposition will deprecate the seriousness of the child’s delinquent act.
(4) .The delinquent act involved the illegal carrying, use, or possession of a firearm.
In the present case, C.L. was adjudicated delinquent for accessory after the fact to second degree murder in violation of La. R.S. 14:25 and La. R.S. 14:30.1. La. R.S. 14:25 provides that: “Whoever becomes an accessory after the fact shall be fined not more than five hundred dollars, or imprisoned, with or without hard labor, for not more than five years, or both; provided that in no case shall -his punishment be greater than One-half of the maximum provided by law for a principal offender.” La. R.S. 14:30.1 provides that: “Whoever commits the crime of second-degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.”
|7C.L. was seventeen years old at the time of imposition of the disposition, was in the eleventh grade at the time of the offense, and her mother worked in the evenings. At the dispositional hearing, C.L. stated that she began smoking marijuana at age eleven, and smoking marijuana daily from the age of twelve. C.L.’s mother stated that she was unaware of her daughter’s use of marijuana.
Krista Jerome of the Probation Pre-dis-position Investigation Unit, testified that the O.J.J. and the Department of Juvenile services recommended that C.L. be placed in the custody of O.J.J. for secure placement. She provided the following reasons for the recommendation of secure care: the severity of the charge in the present case, the extensive criminal histories of the people C.L. was involved with, and C.L.’s high risk for. future violence and delinquency.. Ms. Jerome also recommended substance abuse treatment for C.L. She further stated that C.L. was previously on inactive deferred dispositional agreement in Orleans Parish for simple burglary four years ago. Ms. Jerome said that C.L. also had a disturbing the peace charge in Orleans Parish, where she was placed in the adult diversion program and was given credit for time served after completing ninety days.
Relatives of the murder victim provided victim impact statements both during the disposition hearing and in writing. In a written victim impact statement, the victim’s mother, requested the maximum disposition be imposed. C.L. addressed the victim’s mother, and offered an apology. The State also said that it did not receive any cooperation from C.L. even though the judge indicated at the adjudication hearing that she would consider a reduction in disposition if C.L. cooperated with the State against the co-defendants..
The court imposed a disposition ordering C.L. to serve until her twenty-first birthday at the O.J.J. in secure custody. The judge again stated that if C.L. decided to cooperate and testify truthfully on behalf of the State, then she would consider | «reducing the disposition or releasing her early. The judge also ordered substance abuse treatment for C.L. The judge found that given the nature and severity of the crime, the court did not feel that reasonable efforts were required in this matter to avoid her placement in State custody.
*191 C.L. also assents that she was ordered to serve more time as a juvenile than an adult serving the maximum sentence for the exact same criminal statute, when considering eligibility for good time, thereby making it excessive. Assuming this premise to be true, a juvenile is not entitled to a commitment to equal or less time than an adult commitment for the same offense.
After reviewing the record in light of the excessiveness criteria and given the severity of the crime as mentioned by the juvenile judge, we find no abuse of discretion in the juvenile judge’s imposition of the disposition of secure custody until C.L.’s twenty-first birthday for accessory after the fact to second degree murder in the present case. The record reflects that C.L. had' a history of delinquent behavior, had a history of substance abuse, was at high risk of violence and delinquency, had negative peer affiliations, and a co-defendant that C.L. aided after the fact used a gun to murder the victim. See La. Ch.C. art. 901 C. Further, the record reflects that the trial judge considered all mitigating factors, including C.L.’s age, school status, and family factors.
C.L.’s assignment of- error alleging her sentence is excessive is without merit.
We have reviewed the record for errors patent according to the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Welland, 556 So.2d 175 (La.App. 5 Cir.1990), and find none which require corrective action.
^CONCLUSION
For the above stated reasons, C.L.’s adjudication and disposition are affirmed.
AFFIRMED

. Pursuant to Rules 5-1 and 5-2 of the Uniform Rules for Courts of Appeal, the initials of the minor involved will be used to protect the child's identity. State in the Interest of M.B., 12-547 (La.App. 5 Cir. 01/30/13), 108 So.3d 1237, 1238 n. 1.