HIGGINBOTHAM, J.
The sixteen-year-old juvenile, H. H., was alleged to be delinquent according to a petition filed by the State on October 16, 2015, pursuant to the Louisiana Children's Code. The petition was based upon the alleged commission of two counts of first degree rape (victims under the age of thirteen years), violations of Louisiana Revised Statutes 14:42A(4) (counts one and two); and two counts of indecent behavior with a juvenile, violations of Louisiana Revised Statutes 14:81A(1) (counts three and four). All four counts were alleged to have occurred on or about January 1, 2015, through August 19, 2015. The juvenile entered a denial to the allegations. Following an adjudication hearing, the juvenile was adjudicated delinquent on count three, indecent behavior with a juvenile, and the juvenile court dismissed counts one, two, and four. At the disposition hearing, the juvenile judge reprimanded and warned the juvenile. The State filed a motion to reconsider disposition, which the juvenile court denied. On appeal, the State raises two assignments of error.
FACTS
The adjudication hearing was not made part of the record on appeal. According to *508 the predisposition report and petition, on August 19, 2015, the Zachary Police Department received a complaint that the juvenile had sexually abused two of his younger step-siblings on or about January 1, 2015, through August 19, 2015.
DISPOSITION
In two related assignments of error, the State argues that the juvenile court abused its discretion in rendering the disposition and that the disposition is illegally lenient. Specifically, the State contends that the disposition entered fails to take into consideration the circumstances of the case, the needs of the child, and the best interest of society.
A juvenile court judge is given wide discretion in the imposition of dispositions within statutory limits. See State in the Interest of S.D., 2014-439 (La. App. 3d Cir. 10/1/14), 149 So.3d 917, 921, writ denied, 2016-1953 (La. 11/15/16), 205 So.3d 907. After adjudicating a child to be delinquent, a court is required to impose the "least restrictive disposition" authorized by Articles 897 through 900 of the Louisiana Children's Code, "which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society." See La. Ch. Code art. 901B. Under Louisiana Children's Code article 897A(1), after adjudication of any felony-grade delinquent act other than those described in Article 897.1, the juvenile court may "[r]eprimand and warn the child and release him into the custody of his parents either unconditionally or subject to such terms and conditions as deemed in the best interests of the child and the public."
Pursuant to Louisiana Revised Statutes 14:81H(1), "[w]hoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both[.]"
At the disposition hearing, a predisposition report, psychosexual evaluation, and an addendum to the predisposition report were filed into evidence. According to the predisposition report, the juvenile participated in and successfully completed individual sex offender treatment provided by Dr. Romano and Associates. A letter dated June 13, 2016, from Dr. Romano stating that the juvenile consistently and promptly attended his sessions was attached to the predisposition report. Although he maintained his innocence, the juvenile remained actively engaged in treatment and was receptive to feedback. According to the letter, the juvenile's overall level of progress was acceptable, and he reached maximum therapeutic benefit. In explaining the juvenile's discharge, Dr. Romano specifically stated:
If an individual denies the offense, never committed the offense, or is not adjudicated for the offense, the therapist can only provide the necessary resources and tools to hopefully prevent recidivism or even a first time offense; the therapist is somewhat limited in what can be provided without one or more of these conditions being met. In summation, a therapist cannot retain a client indefinitely in treatment because he denies the offense.
The predisposition report noted that the juvenile's risk of reoffending was low, as was his risk for violence. The psychosexual evaluation concluded that because the juvenile cooperated and participated in treatment with Dr. Romano, additional treatment was not recommended. The recommendation of the juvenile's probation officer was that he be reprimanded, warned, and released to the custody of his father, who testified at the hearing and maintained that the juvenile was innocent.
*509 In support of her recommendation, the probation officer explained that the juvenile completed treatment with Dr. Romano, tested negative for drugs since she began supervising him in September 2015, graduated from high school, and had not committed any subsequent delinquent acts. She further noted that the juvenile had not been suspended or expelled from school and that he was employed. In considering whether there was a need for correctional treatment, the probation officer stated that there was not. She also testified, "as far as we were concerned, [the juvenile] completed treatment and [there] was nothing else to supervise him with."
The victims' father testified that "slapping the [juvenile's] wrist" should not be an appropriate disposition because of what his children, the two victims, have "gone through." He asked for counseling for the juvenile "at the very least."
The juvenile court noted that it had been dealing with this "situation" since 2015 and that rehabilitation efforts began in 2016 and included sixteen sessions with Dr. Romano. The court noted that Dr. Romano discharged the juvenile and that the maximum level of benefits had been reached. Further, the evidence admitted at the disposition hearing indicated that the juvenile was at a low risk of violence or reoffending. The juvenile court concluded that there was not a need for continued supervision and accepted the recommendation of the Department of Juvenile Services. The juvenile court then reprimanded, warned, and released the juvenile. The State entered an objection to the disposition and subsequently filed a motion to reconsider the disposition.
The juvenile court was authorized to reprimand and warn the juvenile in the instant matter. See La. Ch. Code art. 897A(1). Based on our review of the record, we cannot say that the juvenile court abused its discretion in doing so or in denying the State's motion to reconsider the disposition. The juvenile spent approximately two years under the active supervision of the Department of Juvenile Services during which he engaged in sex offender treatment, received favorable psychosexual evaluations, completed high school, consistently tested negative for drugs, and obtained employment. Accordingly, the State's assignments of error are without merit.
ADJUDICATION AND DISPOSITION AFFIRMED.