STATE OF LOUISIANA IN THE INTEREST
OF J.R.

NO. 22-KA-339

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE JEFFERSON PARISH JUVENILE COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 2021-JU-223, DIVISION "B"
HONORABLE AMANDA L. CALOGERO, JUDGE PRESIDING

November 30, 2022

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and John J. Molaison, Jr.

**ADJUDICATIONS AFFIRMED; DISPOSITIONS VACATED IN PART;**
**REMANDED FOR RESENTENCING**
    **JGG**
    **MEJ**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Lalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Elizabeth B. Curren
     Douglas E. Rushton

COUNSEL FOR DEFENDANT/APPELLANT,
J.R.
     Katherine M. Franks

**GRAVOIS, J.**

Juvenile-appellant, J.R., appeals his adjudications of delinquency for illegal possession of a handgun as a juvenile and for battery of a dating partner. For the following reasons, we affirm the juvenile's adjudications. We also affirm the disposition on the charge of illegal possession of a handgun; however, due to a patent error, we vacate the disposition as to the charge of battery of a dating partner and remand for resentencing.

## PROCEDURAL HISTORY

On August 18, 2021, the Jefferson Parish District Attorney filed a delinquency petition charging J.R.[1] with illegally possessing a handgun as a juvenile in violation of La. R.S. 14:95.8. J.R. denied the allegations of the petition on August 23, 2021. On November 5, 2021, J.R. and his mother failed to appear for an Informal Adjustment Agreement status hearing, so the juvenile court issued a warrant for J.R.'s arrest and an attachment for his mother.

On March 16, 2022, the Jefferson Parish District Attorney filed a delinquency petition charging J.R. with battery of a dating partner in violation of La. R.S. 14:34.9. J.R. denied the allegations of the petition on March 21, 2022. The adjudication hearing on both petitions was set for April 27, 2022.

On April 19, 2022, following a hearing, the juvenile court found that J.R. violated the electronic monitoring program and ordered that J.R. be held in Rivarde Detention Center pending the adjudication hearing set on April 27, 2022. On that same date, the juvenile court ordered an emergency psychological and, if indicated, psychiatric evaluation, as requested by J.R.'s attorney.

---

[1] Pursuant to Uniform Rules–Courts of Appeal, Rules 5-1 and 5-2, the initials of all juveniles involved will be used to protect their identities. *State in Interest of C.L.*, 15-593 (La. App. 5 Cir. 12/23/15), 184 So.3d 187, 188, n.1.

On April 27, 2022, J.R. and his mother signed a "Waiver of Rights and Plea of Guilty" form. In that form, J.R. admitted to the allegations of the petitions and indicated that he understood that because he had entered admissions, the juvenile court could "sentence" him to the Office of Juvenile Justice for a period of time of one year, or until his 21st birthday, whichever was shorter.

On May 24, 2022, a psychological evaluation by Rafael F. Salcedo, Ph.D., which was dated April 22, 2022, was filed into the record. On May 26, 2022, a dispositional hearing was held; the juvenile court committed J.R. to the Office of Juvenile Justice for six months on each adjudication, to run consecutively. This appeal followed.

## FACTS

Because J.R. admitted the allegations contained in the two petitions, the underlying facts were not fully developed at an adjudication hearing. Nevertheless, in the August 18, 2021 petition, the State alleged that on or about August 14, 2021, J.R. violated La. R.S. 14:95.8 in that he, being a child under the age of seventeen years old, did knowingly possess a handgun on his person. In the March 16, 2022 petition, the State alleged that on or about March 12, 2022, J.R. violated La. R.S. 14:34.9 in that he did willfully and unlawfully commit a battery by the intentional use of force or violence upon the person of a dating partner, to wit: minor (D.S.), without the consent of the victim.

At the adjudication hearing, J.R. stated that he was admitting to battery of a dating partner and illegal possession of a firearm. He explained, "I had the gun at an underage at the public place in society. And the other one, hitting a female. I hit a female." However, the juvenile indicated that he did not injure anybody.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, J.R. argues that the juvenile court erred in imposing two consecutive dispositions of six months that totaled one year. He

contends that the dispositions individually were excessive since he was a first offender and neither offense caused serious harm. He also contends that the dispositions exceed the sentences an adult could receive for two misdemeanor offenses had the offenses been tried together. He asserts that an adult charged with two unrelated misdemeanors in a single bill of information could only receive a six-month sentence. He admits that while the offenses were not charged in a single petition, they were assigned for adjudication hearing on the same date and were adjudicated by a single plea. J.R. maintains that the dispositions, if intended to be the maximum, should be reduced to six months incarceration.

This Court has consistently found that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a constitutionally valid guilty plea agreement.[2] *See State in Interest of H.N.*, 15-173 (La. App. 5 Cir. 6/30/15), 171 So.3d 1242, 1249, citing *State v. Washington*, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. In the present case, J.R. entered admissions to the allegations in the petitions. In the "Waiver of Rights and Plea of Guilty" form and at the hearing, J.R. also indicated that he understood that because he had entered admissions, the juvenile court could "sentence" him to the Office of Juvenile Justice for a period of time of one year, or until his 21st birthday, whichever was shorter. J.R.'s two six-month consecutive dispositions, which totaled one year, were set forth in the plea form and at the hearing as potential dispositions, and he actually received those dispositions. As such, we find that La. C.Cr.P. art. 881.2 precludes review of J.R.'s dispositions on appeal.

Nevertheless, even considering the imposed dispositions, upon review, we do not find them to be excessive.

---

[2] The Louisiana Children's Code does not provide for appellate review of dispositions entered pursuant to a plea agreement. Therefore, the articles of the Louisiana Code of Criminal Procedure apply. *See* La. Ch.C. art. 803 and La. Ch.C. art. 104.

The Louisiana Constitution of 1974, Art. I, § 20 prohibits "cruel, excessive, or unusual punishment." *State ex rel. T.S.*, 04-1111 (La. App. 5 Cir. 3/1/05), 900 So.2d 77, 79. In considering dispositional options, the court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot be adequately safeguarded without such removal. La. Ch.C. art. 901(A); *Id.* at 80. Additionally, the court should impose the least restrictive disposition authorized by Articles 897 through 900 of this Title which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society. La. Ch.C. art. 901(B); *Id.*

On appeal, the record must be reviewed when excessive commitment in a juvenile proceeding is alleged in order to determine whether the juvenile court imposed the least restrictive disposition consistent with the circumstances of the case, the child's needs, and the best interest of society. La. Ch.C. art. 901(B). *State ex rel. T.S.*, 900 So.2d at 79. Because of the special nature of the proceedings, a juvenile court has much discretion, but must balance the needs of the child with the best interest of society. *Id.* at 79-80.

J.R. admitted violating La. R.S. 14:95.8 (illegal possession of a handgun by a juvenile) and La. R.S. 14:34.9 (battery of a dating partner). La. R.S. 14:95.8(B)(1) provides, "On a first conviction, the offender shall be fined not more than one hundred dollars and imprisoned for not less than ninety days and not more than six months." La. R.S. 14:34.9(C) provides, in pertinent part:

> On a first conviction, notwithstanding any other provision of law to the contrary, the offender shall be fined not less than three hundred dollars nor more than one thousand dollars and shall be imprisoned for not less than thirty days nor more than six months. At least forty-eight hours of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be

served concurrently unless the court expressly directs that some or all shall be served consecutively. La. C.Cr.P. art. 883. Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than one thousand dollars, or both. La. C.Cr.P. art. 493.1.

In the instant case, J.R. admitted to illegally possessing a firearm as a juvenile and to battery of a dating partner. Although the victim was pregnant at the time of the incident, the petition only alleged the misdemeanor offense of battery of a dating partner rather than a felony, which carried a possible three-year sentence at hard labor. *See* La. R.S. 14:34.9(K). As such, the plea agreement was beneficial to J.R. J.R. argues that the maximum aggregate penalty that should have been imposed was six months under Article 493.1. However, the two six-month consecutive dispositions are allowed because the incidents occurred on separate dates and were alleged in separate petitions, even though the juvenile admitted the allegations of both petitions on the same date. *See* Article 493.1.

At the disposition hearing, Melissa Riddick, who prepared the dispositional report in the instant case, testified that J.R. had a high-risk score in violence and delinquency on his Structured Assessment of Violence Risk in Youth report, that he did not have any support, that he was not being held accountable, and that he had no remorse for his actions. Additionally, Ms. Riddick explained that considering those factors along with his impulsivity, his exposure to domestic violence, his anger, and his substance abuse, allowing him to remain on probation in the community would be a setup for failure. Also, Ms. Riddick pointed out that J.R. was eighteen years old, and therefore, this was his last opportunity for intervention. She stated that there were significant concerns about J.R.'s ability to comply with rules of probation should he be released into the community, noting

that he had violated the conditions of his GPS monitor in the past. The record also shows that J.R. has a lengthy arrest history in St. Charles Parish.

The juvenile judge imposed the maximum term of six months on each offense and ordered them to run consecutively. She stated, however, that she would review his case in six months and that if J.R. was successful, there could possibly be early termination and reintegration into the family home. The juvenile judge asserted that J.R. would have the potential to work on his issues for twelve months.

In light of the foregoing, we find that the juvenile court imposed the least restrictive disposition consistent with the circumstances of the case, the needs of the child, and the best interest of society. *See* La. Ch.C. art. 901(B). Based on the facts and circumstances of this case, we find that the juvenile court did not abuse its discretion in imposing two six-month consecutive dispositions. This assignment of error is without merit.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, J.R. argues that the juvenile court erred in failing to conduct a competency hearing after appointing a one-member sanity commission to examine him. He asserts that his behavior in court casts doubt on his ability to proceed to an adjudication and to assist his counsel. Also, after ordering an evaluation of J.R., the juvenile court allowed him to enter admissions to the allegations in both petitions without conducting a competency hearing. He argues that the delinquency proceedings should have been stayed until a competency hearing was held and not resumed until he was found to be competent following a contradictory hearing. J.R. maintains that there was never a finding of competency and that Dr. Salcedo's report did not reflect a finding of competency so as to be determinative of the issue. As such, he argues that the admissions in the instant case should be set aside.

Chapter 7 in the Children's Code contains the procedures used to determine a child's mental capacity to proceed and are set forth in La. Ch.C. arts. 832-838. A child's mental incapacity to proceed may be raised at any time by the child, the district attorney, or the court, and once it is raised, no further steps in the delinquency proceeding should occur until counsel is appointed and the child is found to have the mental capacity to proceed. La. Ch.C. art. 832. The court shall order a mental examination of the child when it has reasonable grounds to doubt the mental capacity of the child to proceed. La. Ch.C. art. 833(A). Within seven days after a mental competency examination is ordered, the court shall appoint a competency commission to examine and report on the mental condition of the child, and the competency commission shall consist of at least one and not more than three physicians or psychologists. La. Ch.C. art. 834(A). The issue of the mental capacity of the child to proceed shall be determined by the court after a contradictory hearing. La. Ch. C. art. 836(A). La. Ch.C. art. 837(A) provides the law regarding the procedure after determination of mental capacity as follows: "If the court determines that the child has the mental capacity to proceed, the delinquency proceedings shall be resumed."

Louisiana Children's Code article 867 is in Chapter 12 of the Children's Code in a section titled, "Preadjudication Motions and Relief." Article 867 provides the law regarding medical, sensory, psychological, and psychiatric examinations and states as follows:

A. On its own motion or on the motion of the child or district attorney, the court may order any child to be examined by a physician, optometrist, or audiologist. Unless waived by the child, the examination shall not occur until five days after the clerk of court notified all parties of the examination order.

B. On motion of the child, the court may order a child concerning whom a petition has been filed, to be examined by a psychologist or a psychiatrist.

C. Any examination shall be made and the findings submitted to the court within thirty days of the date the order is entered. This time period may be extended by the court for good cause.

D. Copies of any reports of findings submitted to the court shall be available to counsel for all parties.

On April 19, 2022 (prior to the adjudication hearing which was set for April 27, 2022), a hearing was held on J.R.'s violation of the electronic monitoring program. The record reflects that at that hearing, Erin Ronquille, a probation officer, testified about the electronic monitoring. Ms. Ronquille testified that she was contacted the prior weekend by their "ATD standby employee" who had been in contact with J.R.'s mother throughout the weekend because of J.R.'s aggressive behavior in the home. She noted that on Sunday, he left home without permission. Ms. Ronquille asked for J.R.'s bond to be revoked.

J.R.'s mother testified that her son was not a bad child, "It's just when you tell him no, he likes to break things in the home." She stated that her son was not going to harm anyone else "in the outside" and that "it's just with me." She testified that she did not want J.R.'s bond revoked and that he could stay in the home. J.R's mother noted that he would not calm down during the incident the prior Friday. She said he did not need to be in jail and that he needed some type of counseling to find out what is wrong with him.

J.R. testified that the ankle bracelet was dead because the battery was not charging. He said that he went down the street to get some food because he was hungry and that he had been inside for two months. The prosecutor told him that he seemed "awful agitated" that day, and he responded that he was on house arrest for nothing and that he could not get a job or go anywhere. J.R. denied breaking things at his house. He said that his mother was not telling the truth.

The juvenile judge stated she had information that at the time of his arrests in August of 2021 and in March of 2022, two drug screens showed that J.R. was using marijuana. She noted that the charges came back in August of 2021 for a

handgun charge, that J.R. missed his next court date, and that he was eventually referred for an informal processing.  The juvenile judge stated that he was non-compliant with that and was later arrested for the dating partner charge, which was set for adjudication on April 27.  She further stated:

> … I don't know why he is violent.  I don't know what sort of history of mental health issues or treatment he may have needed in the past, but I do not like to hear the testimony that he cannot handle when he's not getting his way. …

> Based upon the testimony today, he has violated the requirements of being out so he's going to remain in until his trial date which is the 27th unless there's any motion to move that.

Afterwards, J.R.'s attorney said that considering these circumstances, he would like to request "an emergency psychological and psychiatric" if need be.  The juvenile judge replied, "So ordered."  The judge told J.R.'s mother that her son needed to be able to deal with disappointment.  J.R.'s mother responded that she knew that and told him that.  She also stated that she did not want to see her son in jail, but that she could not control him.  The juvenile judge replied:

> I know.  And there is a counselor in jail and I am ordering per the minute entry that he be connected with the counselor today and I am ordering by the request of his attorney a psychological evaluation and if indicated a psychiatric.  This is a rehabilitative system, ma'am, and we will be offering him services; okay?

J.R.'s mother said she hoped so because he needed therapy and not jail.  The juvenile judge responded that she knew that and that they were going to work on that.  On May 24, 2022, a psychological evaluation by Rafael F. Salcedo, Ph.D., which was dated April 22, 2022, was filed into the record.

After reviewing the transcript of the hearing and the pertinent codal articles set forth above, we do not find that J.R.'s attorney was asking for a competency evaluation.  Rather, J.R.'s attorney was asking for J.R. to be examined by a psychologist or a psychiatrist under La. Ch.C. art. 867(B), *supra*, which pertains to "Preadjudication Motions and Relief," in order for him to be diagnosed and to receive counseling for his anger issues.  As such, we find that the juvenile court did

not err in failing to conduct a competency hearing.  This assignment is likewise without error.

**ERRORS PATENT REVIEW**

The record was reviewed for errors patent, according to the mandate of La. C.Cr.P. art. 920, *State v. Oliveaux*, 312 So.2d 337 (La. 1975), and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).  Although the Louisiana Children's Code does not address the scope of appellate review, we believe La. Ch.C. art. 104 and La. C.Cr.P. art. 920 mandate errors patent reviews in juvenile criminal proceedings.  *See State in Interest of T.W.*, 15-262 (La. App. 5 Cir. 9/23/15), 175 So.3d 504, 513.

*Statutory restrictions*

J.R. admitted to the allegations of battery of a dating partner in violation of La R.S. 14:34.9, and a six-month disposition was imposed.  However, the juvenile court failed to order that at least forty-eight hours of the disposition be served without the benefit of parole, probation, or suspension of sentence as set forth in the statute.  Because the language of the sentencing provision gives the trial judge discretion in determining the exact length of time that benefits are to be restricted, we remand this matter and instruct the juvenile court to impose at least forty-eight hours of the disposition without the benefit of parole, probation, or suspension of sentence in compliance with La. R.S. 14:34.9.  *See State v. Wilt*, 14-823 (La. App. 5 Cir. 4/29/15), 170 So.3d 317, 327, *writ denied*, 15-1055 (La. 5/2/16), 206 So.3d 877.

*Mandatory fine*

The juvenile court failed to impose the mandatory fines on both dispositions.  La. R.S. 14:95.8(B)(1) provides a mandatory fine of "not more than one hundred dollars."  La. R.S. 14:34.9(C) provides a mandatory fine of "not less than three hundred dollars nor more than one thousand dollars."

Although this Court has the authority to correct an illegal sentence at any time pursuant to La. C.Cr.P. art. 882, the authority to correct an illegally lenient sentence is permissive rather than mandatory. While this Court has held that statutes providing for a fine of "not more than" a specified amount do require a mandatory fine, this Court has also recognized that the matter is not free from doubt. *State v. Kerlec*, 06-838 (La. App. 5 Cir. 4/11/07), 957 So.2d 810, 815, *writ denied*, 07-1119 (La. 12/7/07), 969 So.2d 626. In the instant case, J.R. is represented by the Louisiana Appellate Project. Therefore, we decline to exercise our authority to remand for correction of the illegally lenient dispositions due to J.R.'s indigent status. *See State v. Saulny*, 16-734 (La. App. 5 Cir. 5/17/17), 220 So.3d 871, 881, *writ denied*, 17-1032 (La. 4/16/18), 240 So.3d 923.

### *Post-conviction relief advisal*

The juvenile court failed to advise J.R. of the two-year prescriptive period for seeking post-conviction relief as mandated by La. C.Cr.P. art. 930.8. If a trial court fails to advise the juvenile, then the appellate court may correct this error by informing the juvenile of the applicable prescriptive period for post-conviction relief. *See State in Interest of T.W.*, 175 So.3d at 513. Thus, by way of its opinion, we notify the juvenile that no application for post-conviction relief ("APCR"), including an application for an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of adjudication and disposition have become final under the provisions of La. C.Cr.P. arts. 914 or 922.[3]

### CONCLUSION

For the foregoing reasons, J.R.'s adjudications as to illegal possession of a handgun as a juvenile and battery of a dating partner are affirmed. His disposition as to illegal possession of a handgun as a juvenile is also affirmed. His disposition

---

[3] In order to file an APCR, the petitioner must be in custody. *See* La. C.Cr.P. art. 924(1).

as to battery of a dating partner in violation of La R.S. 14:34.9 is vacated, and the matter is remanded for resentencing in compliance with La R.S. 14:34.9.

**ADJUDICATIONS AFFIRMED;**
**DISPOSITIONS VACATED IN PART;**
**REMANDED FOR RESENTENCING**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 30, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

**22-KA-339**

### E-NOTIFIED
JUVENILE COURT (CLERK)
HONORABLE AMANDA L. CALOGERO (DISTRICT JUDGE)
AMANDA L. CALOGERO (APPELLEE)      ELIZABETH B. CURREN (APPELLEE)      KATHERINE M. FRANKS (APPELLANT)

### MAILED
DOUGLAS E. RUSHTON (APPELLEE)      HONORABLE PAUL D. CONNICK, JR.
ASSISTANT DISTRICT ATTORNEY        (APPELLEE)
JUVENILE COURT                     DISTRICT ATTORNEY
1546 GRETNA BOULEVARD              TWENTY-FOURTH JUDICIAL DISTRICT
HARVEY, LA 70058                   200 DERBIGNY STREET
                                   GRETNA, LA 70053